## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JUAN OLAYA,

    *Plaintiff,*

v.

M. STODDARD, et al.,

    *Defendants.*

_____/

Case No. 2:24-cv-11064

Jonathan J.C. Grey
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 14)

### I.  RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **DENY** Plaintiff's motion for default judgment.  (ECF No. 14).

### II.  REPORT

#### A.  Background

Plaintiff filed the instant *pro se* complaint against Defendants on April 23, 2024.  (ECF No. 1).  Plaintiff alleges that while incarcerated at the Federal Correctional Institute in Milan, Michigan ("FCI Milan"), Defendants acted with deliberate indifference to his medical needs in violation of his Eighth Amendment rights and Fourteenth Amendment due process rights.  (*Id.* at PageID.4–8).

Plaintiff previously moved for entry of default against several Defendants

1

(ECF No. 10), and that motion was denied in an order entered on September 23, 2024 (ECF No. 11).  In that order, the Court also ordered the reissuance of summons and extended the time for service.  (ECF No. 11).

On February 10, 2025, Plaintiff filed the instant motion for default judgment against all Defendants. (ECF No. 14).  The docket reveals that on February 27, 2025, the Court entered an order directing the U.S. Marshals Service ("USMS") to effectuate service (ECF No. 15), and summonses were issued for all Defendants on the same day (ECF No. 16).  On March 10, 2025, USMS acknowledged receipt of the service of process documents.   (ECF No. 17).   The certificates of service/summons were executed, and the answers from the various Defendants are due between April 18 and May 16, 2025.  (ECF No. 18).

### B.    Analysis

Default can occur when a defendant fails to appear in a case, or having appeared, fails to answer the complaint or otherwise defend against it.  Fed. R. Civ. P. 55(a); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (3d ed. 1998).  The procedures for entering a default judgment are formalized in the Federal Rules, having taken shape from historical *pro confesso* decrees in equity and *nil dicit* judgments at law.  *See* 10A Wright & Miller*, supra* § 2681; *see also* Robert Wyness Millar, *Civil Procedure of the Trial Court in Historical Perspective* 367 (1952) (discussing the history of default judgments and

noting that "[a] decree *pro confesso* for want of an answer after due service of process was thus the general rule of the American chancery practice").

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Once this step has been completed, a plaintiff may proceed to request entry of a default judgment.  Fed. R. Civ. P. 55(b).  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs. . . ."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

There are limitations on the entry of default judgments against certain classes of defendants.  For example, "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared."  Fed. R. Civ. P. 55(b)(2).  Furthermore, a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).

The default entry is distinct from the subsequent default judgment.  Fed. R. Civ. P. 55.  For the clerk to enter default, the requesting party must provide an affidavit with specific information.  Fed. R. Civ. P. 55(a); E.D. Mich. LR 55.1.  "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."  *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996).

In the instant case, service of process was only recently obtained and the deadline for Defendants to file their answers has not yet passed.  In addition, Plaintiff did not obtain an entry of default from the Clerk of the Court but instead filed the instant motion.  Under these circumstances, the motion for default judgment should be denied.  *See, e.g.*, *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (stating that "it was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk."); *Long v. Finch*, No. 14-13260, 2015 WL 1637517 (E.D. Mich. Apr. 13, 2015) (adopting report and recommendation to deny motion for default judgment).

## C.    Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY** Plaintiff's motion for default judgment. (ECF No. 14).

## III.  <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 27, 2025                                      s/ PATRICIA T. MORRIS
                                                          Patricia T. Morris
                                                          United States Magistrate Judge