**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUAN OLAYA,

       Plaintiff,

v.

M. STODDARD, et al.,

       Defendants.

_____/

Case No. 24-11064
Hon. Jonathan J.C. Grey
Magistrate Judge Patricia T. Morris

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 38), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 25), DENYING PLAINTIFF'S MOTION FOR ATTACHMENT (ECF No. 33), and DENYING AS MOOT PLAINTIFF'S MOTION FOR STATUS UPDATE (ECF No. 39)**

## I.    INTRODUCTION

Pro se Plaintiff Juan Olaya, a federal prisoner previously confined at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), commenced this action against prison officials under 42 U.S.C. § 1983 and *Bivens*. (ECF No. 1.) Olaya alleges that defendants were deliberately indifferent to his serious medical needs when he was denied pain medication and did not receive recommended medical treatment after he was cut by another inmate near his right eye. (*Id.* at PageID.7.) On May

13, 2025, four of the five defendants[1] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, or in the alternative, a motion for summary judgment based on exhaustion. (ECF No. 25.) The motion was fully briefed.[2] (ECF Nos. 34, 36.) Additionally, Olaya filed a motion for attachment, seeking a lien on defendants' assets up to the requested amount of $30.5 million. (ECF No. 33, PageID.274.) He also filed a motion for status on Rule 64 pre-judgment lien on defendants' property, seeking a status update on his pending motion for attachment. (ECF No. 39.)

This matter comes before the Court on Magistrate Judge Patricia T. Morris' Report and Recommendation ("R&R") dated November 10, 2025. (ECF No. 38.) In the R&R, Judge Morris recommended that the Court grant defendants' joint motion for summary judgment on the basis of exhaustion (ECF No. 25) and deny Olaya's motion for attachment (ECF No. 33). Olaya filed objections to the R&R (ECF No. 40), to which defendants responded (ECF No. 41).

---

[1] The Court **ADOPTS** the R&R's conclusion that Defendant Williams, who appears to have not been served, should be, and hereby is, **DISMISSED** from the action. (*See* ECF No. 38, PageID.406 n.3, 410.)

[2] Olaya also filed a sur-reply on October 8, 2025, which the Court considers, as did the R&R. (ECF No. 37.)

For the reasons stated below, the Court **OVERRULES** Olaya's objections to the R&R (ECF No. 40), **ADOPTS** the R&R (ECF No. 38) in its entirety, **GRANTS** defendants' motion for summary judgment (ECF No. 25), **DENIES AS MOOT** Olaya's motion for attachment (ECF No. 33), and **DENIES AS MOOT** Olaya's motion for status update (ECF No. 39).

## II.   ANALYSIS

### A.   Legal Standard

The Court reviews de novo any portion of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986). That is, the nonmoving party must provide specific facts to rebut or cast doubt on the moving party's proffered facts.

"Because defendants carry the burden of proof for exhaustion, they bear an initial summary judgment burden [that] is higher in that [they] must show that the record contains evidence satisfying [their] burden of persuasion and that no reasonable jury would be free to disbelieve it." *Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023) (internal quotation marks and citations omitted). "Summary judgment is appropriate in this context only if there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Id.* (internal quotation marks and citations omitted).

## B.    First Objection

Olaya argues that he properly exhausted all available administrative remedies. First, Olaya asserts that the warden referred one of his grievances[3] to the Department of Justice's ("DOJ") Office of the Inspector General, which subsequently forwarded the matter to additional investigatory units, including the Bureau of Prisons' ("BOP") Office of Internal Affairs. (ECF No. 40, PageID.424.) He contends that he received no response and thus took every action available to him. (*Id.*)

The Court finds that Olaya failed to exhaust the administrative remedies available to him. Federal inmates must comply with the Administrative Remedy Program procedures. *See* 28 C.F.R. §§ 542.10, et seq. Generally, an inmate must first attempt to informally resolve the issue with the staff member involved. 28 C.F.R. § 542.13. If informal resolution is unsuccessful, the inmate has 20 days from the date of the incident to submit a formal Administrative Remedy Request (form BP-9) to the warden of the institution, unless the inmate demonstrates a valid reason for delay. 28 C.F.R. § 542.14. If still dissatisfied, the inmate must

---

[3] It appears that Olaya is referring to grievance 1120640-F1. (ECF No. 40, PageID.432.)

timely appeal first to the appropriate regional director of the BOP by submitting form BP-10, and then to the BOP's general counsel by submitting form BP-11. 28 C.F.R. § 542.15. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a); *see also Gongora-Baltan v. Healy*, No. 24-cv-1597, 2024 WL 4993599, at *2 (N.D. Ohio Nov. 12, 2024); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997).

Olaya filed an informal resolution attempt on March 15, 2022, alleging that prison officials filed a false incident report and made false statements that he was involved in a fight with other inmates on October 28, 2020, rather than being a victim of assault. (ECF No. 25-3, PageID.186–188; ECF No. 34, PageID.356–358; ECF No. 40, PageID.428, 430–431.) Following the informal resolution attempt, Olaya filed a formal request for administrative remedy with the warden on May 6, 2022. (ECF No. 25-3, PageID.185; ECF No. 34, PageID.354; ECF No. 40, PageID.433.) He requested: (1) an extension for his late filing, alleging his prior attempts at informal resolution had disappeared; and (2) resolution of "closely related issues [of] serious employee[] misconduct" for "fil[ing] a false incident report and medical Dept (DAS) employees

conspir[ing] together to cover up [his] vicious aggravated assault." (*Id.*) However, the warden rejected the request for raising more than one issue.[4] (ECF No. 25-3, PageID.184; ECF No. 34, PageID.360; ECF No. 40, PageID.432.)

Olaya asserts that the warden forwarded his grievance to the DOJ's Office of the Inspector General, which subsequently forwarded the matter to the BOP's Office of Internal Affairs.[5] Assuming this is true, and assuming that this grievance relates to inadequate medical care or deliberate indifference to serious medical needs,[6] there is no evidence that the warden forwarded this grievance to the BOP's regional director or general counsel, as required by federal regulations. And Olaya neither

---

[4] Under 28 C.F.R. § 542.14(c)(2), an "inmate shall place a single complaint or a reasonable number of closely related issues on the form." "If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue." 28 C.F.R. § 542.14(c)(2). That is what occurred here. Following the warden's rejection, however, there is no evidence that Olaya filed a separate request or appeal for the unrelated issues.

[5] There is a letter in the record from the DOJ's Office of the Inspector General, which "acknowledge[s] receipt of [Olaya's] complaint dated May 18, 2022"—the same day the warden rejected Olaya's grievance. (ECF No. 40, PageID.442.)

[6] Olaya did not object to the R&R's additional finding, which the Court adopts, that "even if this grievance had been appealed through to the general counsel's office, summary judgment should still be granted in favor of Defendants because the grievance does not properly raise the issue of inadequate medical care or deliberate indifference." (*See* ECF No. 38, PageID.412–415.)

7

asserts nor offers evidence that he appealed the warden's rejection of grievance 1120640-F1 to the regional director or the office of general counsel by submitting forms B-10 and B-11, respectively.

Olaya's reliance on an unspecified policy[7] to support his position is unavailing. In relevant part, the policy states:

> c.      **Further Investigation.** If deemed necessary, the Warden will refer the matter for further investigation to the Office of the Inspector General, Office of Internal Affairs, or Federal Bureau of Investigation. Copies of the report must be forwarded to the Regional Director and Assistant Director, Correctional Programs Division, Central Office . . .

> (3)      **Central Office Claims.** Central Office employees will investigate claims filed properly in the Central Office and provide a report to the Office of General Counsel. The Office of General Counsel will track all outstanding claims in the Central Office until a claim is settled or denied.

(ECF No. 40, PageID.436–439.) The Court understands Olaya's position as advancing two separate arguments: (1) the fact that his grievance was forwarded to the DOJ's Office of the Inspector General implicitly indicates that his grievance was also forwarded to the regional director and general counsel per this unspecified policy (*id.* at PageID.436–437); and (2) the BOP's Office of Internal Affairs is the same as the Office of

---

[7] Olaya includes a few excerpted paragraphs from a policy, but it is unclear what the policy is to which he refers. (ECF No 40, PageID.436–439.)

General Counsel because they are both located at 320 First Street N.W., Washington D.C. 20534 (*id.* at PageID.437).

Even if copies of the grievance were forwarded to the regional director and general counsel,[8] the regulations are clear that *the inmate must timely appeal first to the appropriate regional director* by submitting form BP-10, and then to the BOP's general counsel by submitting form BP-11. 28 C.F.R. § 542.15. Olaya did not do so. Nor does he provide any legal authority to support his position that he is absolved of the federal regulations' explicit requirements if copies of his grievance are provided to other investigatory units. Moreover, the BOP's Office of Internal Affairs and Office of General Counsel are two distinct offices, and the fact that they share the same location—the BOP's address—does not suggest otherwise.

Accordingly, the Court **DENIES** Olaya's first objection.

C.    **Second Objection**

In his second objection, Olaya contends that the administrative process was unavailable to him, and therefore exhaustion was satisfied, because prison officials obstructed his filings, ignored grievances, and

---

[8] There is no evidence that this occurred.

failed to respond at required stages. (ECF No. 40, PageID.424.) He references "[f]iling multiple 8½ forms." (*Id.*) Olaya asserts that he "attempted repeatedly to initiate grievances . . . but the forms were repeatedly obstructed." (*Id.*)

As defendants note, Olaya has not submitted any evidence to support this assertion, which is fatal to his argument. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (noting that conclusory allegations and unsubstantiated assertions are not evidence and are insufficient to defeat a well-supported motion for summary judgment); *see also McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) ("[M]ere conclusory allegations are not sufficient to withstand a motion for summary judgment.").

Moreover, the R&R explains how, in addition to 1120640-F1, four other grievances were insufficient to exhaust Olaya's administrative remedies. (*See* ECF No. 38, PageID.411 ("Grievances 1167044-F1 and 1167509-R1 clearly raise issues unrelated in time or substance to Olaya's complaint that he was denied pain medication and medical care" and Grievances 1225109-F1 and 1225109-R1 are insufficient to exhaust Olaya's administrative remedies because Olaya never appealed the

10

rejections through the entire appeals process, and even if he did, the grievances were filed after the complaint in this litigation was filed.).) Olaya, however, does not object to this portion of the R&R. Thus, the other filing attempts he seems to reference were insufficient to satisfy the exhaustion requirement on other bases and summary judgment is warranted.

Accordingly, the Court **DENIES** Olaya's second objection.

## III.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the R&R dated November 10, 2025 (ECF No. 38) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Olaya's objections to the R&R are **OVERRULED**. (ECF No. 40.)

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment on the basis of exhaustion (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Olaya's motion for attachment (ECF No. 33) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Olaya's motion for status update on motion for attachment (ECF No. 39) is **DENIED AS MOOT**.

11

**IT IS FURTHER ORDERED** that Olaya's claims against all defendants are **DISMISSED**.

**SO ORDERED**.

Dated: March 31, 2026                          **s/Jonathan J.C. Grey**
                                               Jonathan J.C. Grey
                                               United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager